IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR 05-0222 RB |
| ) | |
| THOMAS KURIMSKI, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's (Kurimski's) Motion to Set Conditions of Release, (Doc. 170), filed on January 24, 2006. Having considered the record, submission of counsel, and being otherwise fully advised, I find that this motion should be denied.

**I. Background.**

On December 14, 2005, Kurimski was convicted by a jury of two counts of distribution of less than 5 grams of crack cocaine and one count of possession with intent to distribute 5 grams and more of crack cocaine in violation of 21 U.S.C. §841(b)(1)(B). After the verdict, the Court revoked Kurimski's conditions of release and remanded him to the custody of the United States Marshal pending sentencing. The pre-sentence report was disclosed on January 26, 2006. The probation officer who supervised Kurimski while he was on pretrial release does not oppose his release, provided that his pretrial conditions are re-imposed. The Government opposes the motion.

**II. Discussion.**

The release or detention of a defendant pending sentencing is governed by 18 U.S.C.

§3143(a)(2), which provides in pertinent part:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless–
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. §3143(a)(2).

Subparagraph (C) of 18 U.S.C. § 3142 (f)(1) includes an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. *See* 18 U.S.C. § 3142 (f)(1). Kurimski was convicted of violating 21 U.S.C. §841(b)(1)(B), which prescribes a sentence of five to forty years. *Id*. Because Kurimski has been found guilty of a controlled substance offense for which a maximum term of imprisonment is ten years or more, § 3143(a)(2) governs his release or detention pending sentencing.

Kurimski has not filed a motion for acquittal or new trial and there is no substantial likelihood that such a motion would be granted. The Government has made no recommendation concerning imprisonment. Therefore, pursuant to 18 U.S.C. §3143(a)(2), Kurimski is ineligible for release on conditions pending sentencing.

In any event, Kurimski has a history of substance abuse and was placed in a half-way house for two months while he was on pretrial release. Kurimski's propensity for substance abuse constitutes a danger the community. The pre-sentence report has recommended a sentencing range of 97 to 121 months. The prospect of a lengthy sentence has increased the risk of flight compared

to the pre-conviction risk. Based on these factors, I cannot find by clear and convincing evidence that Kurimski is not likely to flee or pose a danger to the community. *See* 18 U.S.C. §3143(a)(1)

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Set Conditions of Release, (Doc. 170), filed on January 24, 2006, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**