IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

v.                                            CV 07-0209 RB/WPL
                                             CR 05-0222 RB

MARY LOU JACQUEZ CAMPOS,

    Movant/Defendant.

**MEMORANDUM OPINION AND ORDER**

On June 26, 2007, Magistrate Judge Lynch filed his Proposed Findings and Recommended Disposition (PFRD), recommending that Mary Lou Jacquez Campos's motion under 28 U.S.C. § 2255 and her motion for return of property be denied. (Doc. 215.) No objections to the PFRD having been filed, I entered an order and judgment adopting the PFRD and dismissing the civil case on July 30, 2007. (Doc. 217, 218.)

On August 13, 2007, Campos filed a motion for reconsideration. (Doc. 216.) In the motion, which has been sworn under penalty of perjury, Campos argues that I did not have the authority to rule on her § 2255 motion or her motion for return of property because the motions had been referred to Judge Lynch, who had not yet made his recommendation. She asserts, "The District Court Judge was without the requisite jurisdiction to enter such a judgment; where no opinion and ruling had been held by the Magistrate Judge." (*Id.* at 2.) Campos also asserts that the Government failed to respond to her motions as ordered by the Court. (*Id.* at 1-2.) In fact, the Government filed its Response on May 9, 2007. (Doc. 214.)

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Because Campos's motion was filed within

ten days of the judgment, excluding weekends, it could be construed as a motion to alter or amend the judgment under Rule 59(e) or as a motion for relief from the judgment and order under Rule 60(b)(6).  *See* FED. R. CIV. P. 6(a); *Jennings v. Rivers*, 394 F.3d 850, 855-56 (10th Cir. 2005); *see also Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) (pro se litigant's characterization of claim for relief not dispositive).  Both types of motions are committed to the discretion of the trial court and both may be granted to avoid injustice.  *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006); *Price*, 420 F.3d at 1167 n.9; *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

From reading Campos's motion, it appears that she did not receive a copy of the Government's Response or Judge Lynch's PFRD.  If that is true, she did not have an opportunity to file timely objections to the PFRD.  The ten-day period for objections may be extended.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Summers v. Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991); *Grandison v. Moore*, 786 F.2d 146, 147-49 (3d Cir. 1986).  The docket for this case reflects that the Court has Campos's correct address and that the PFRD was mailed to her at that address. The Response also contains a certificate of service to the correct address.  Nevertheless, considering the vagaries of prison mail and that the motion for reconsideration was sworn under penalty of perjury, I will allow Campos another ten-day period to file objections.

IT IS THEREFORE ORDERED that:

1) the motion for reconsideration is granted;

2) the order and judgment entered on July 30, 2007 are withdrawn;

3) the Clerk of Court shall mail a copy of the Response and the PFRD to Campos along with a copy of this Order; and

4) **Campos must file her objections to the PFRD within ten days of service of this Order**

**and the accompanying Response and PFRD. If no objections are filed within that period, no appellate review will be allowed.**

_____
ROBERT BRACK
UNITED STATES DISTRICT JUDGE