IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| )                                        | |
| Plaintiff,        ) | |
| )                                        | |
| vs.                                      ) | NO. CR 05-0222 RB |
| )                                        | |
| )                                        | |
| MARY LOU JACQUEZ-CAMPOS,  ) | |
| )                                        | |
| )                                        | |
| Defendant.     ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), based on the United States Sentencing Commission's recent amendment to the guidelines for offenses involving cocaine base, more commonly known as crack cocaine. Having considered the arguments of counsel, relevant law, and being otherwise fully informed, the Court finds that a reduction in Defendant's sentence is not authorized under 18 U.S.C. § 3582(c)(2) and would be inconsistent with the applicable policy statement issued by the Sentencing Commission. In addition, Defendant's sentence was based on a valid plea agreement, pursuant to Fed.R.Crim.P. 11(c)(1)(C), not on a "sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Hence, this Court lacks jurisdiction to reduce Defendant's sentence, and her motion must be **DENIED**.

**I.      Background.**

On November 14, 2005, Defendant pled guilty to an Indictment charging possession with intent to distribute crack cocaine. Defendant's offense level was 31, and her criminal history category was VI, yielding a guideline sentencing range of 188-235 months. However, pursuant to

Fed.R.Crim.P. 11(c)(1)(C), the plea agreement stipulated that Defendant would be sentenced to a 120 month term of imprisonment. The Court accepted the plea agreement and sentenced Defendant to the stipulated term of incarceration of 120 months. In the fall of 2007, the Sentencing Commission effectively made a two-level reduction in the crack cocaine base level. On February 12, 2008, Defendant filed her Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

**II.     Discussion.**

       **A. Applicable Legal Standards.**

This Court is generally prohibited from reducing a sentence of imprisonment after expiration of the time limits set forth in Fed.R.Crim.P. 35. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1996) (noting that a district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization). However, 18 U.S.C. § 3582(c)(2) provides statutory authorization for the Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Tenth Circuit Court of Appeals has stressed that "[i]n determining whether to reduce a defendant's sentence due to a subsequent amendment, 18 U.S.C. § 3582(c) directs the district court to determine whether 'reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" *United States v. Telman*, 28 F.3d 94, 96 (10th Cir. 1994); *see also United States v. Dorrough*, 84 F.3d 1309, 1312 (10th Cir. 1996).

On March 3, 2008, the Sentencing Commission amended its policy statement regarding reductions in terms of imprisonment resulting from changes to guideline ranges at issue in this case. The amended policy statement explicitly prohibits the reduction in a defendant's term of

imprisonment, pursuant to 18 U.S.C. § 3582(c)(2), if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); U.S.S.G. Amendments 712 and 713.

In *United States v. Trujeque* the Tenth Circuit Court of Appeals held that the defendant could not seek a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), because he had entered into a plea agreement that stipulated a specific sentence or sentencing range as allowed under Fed.R.Crim.P. 11(e)(1)(C), now Fed.R.Crim.P. 11(c)(1)(C). 100 F.3d 869 (10th Cir. 1996).  As a result of the plea agreement stipulating a specific sentence or sentence range, the Tenth Circuit concluded that the defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by 18 U.S.C. § 3582(c)(2), and instructed that the district court, therefore, should have dismissed the defendant's motion without considering its merits. *Trujeque*, 100 F.3d at 871.

In *Trujeque*, the stipulated term of imprisonment was outside the range established by the applicable sentencing guideline.  Other authority, however, demonstrates that this Court also lacks jurisdiction under  18 U.S.C. § 3582(c)(2) to reduce the sentences of defendants who enter plea agreements that stipulate a sentence or sentencing range within the range established by the applicable sentencing guidelines.  In *United States v. Olvera-Garcia* the Tenth Circuit applied its ruling in *Trujeque* to the combined appeals of three defendants whose plea agreements stipulated sentence ranges within the corresponding guideline ranges, holding that because none of the defendants demonstrated that their Fed.R.Crim.P. 11(e)(1)(C) plea agreements were invalid, the district court should have dismissed their 18 U.S.C. § 3582(c)(2) motions without addressing the merits. 60 Fed.Appx. 221, 223-24 (10th Cir. 2003).  Similarly, in *United States v. Nunez-Rios* the Tenth Circuit held that because Defendant's sentence was based on a sentencing range that he agreed

3

to accept under Fed.R.Crim.P. 11(e)(1)(C), his motion was precluded by the clear language of 18 U.S.C. § 3582(c)(2), even though the defendant stipulated to an offense level under the sentencing guidelines and was sentenced within the corresponding guideline range. 2003 WL 464064, *2 (10th Cir. 2003).

### B.     Analysis.

Defendant essentially argues that based on the crack cocaine amendments, her offense level would be reduced by 2, allowing the Court to re-open and reduce her sentence. However, applying the amended sentencing guidelines does not have the effect of reducing Defendant's guideline sentencing range below her current sentence. Indeed, if Defendant's offense level were reduced by two levels, her new guideline sentencing range would be 151-188 months, which is greater than her current sentence of 120 months. U.S.S.G. § 1B1.10(a)(2)(B) prohibits the Court from modifying a term of imprisonment if an amendment "does not have the effect of lowering the defendant's applicable guideline range." *See Dorrough*, 84 F.3d at 1312 (affirming denial of 18 U.S.C. § 3582(c)(2) motion where, under an alternate calculation, the Defendant had the "same offense level under the new guidelines as he had under the old"). Coupled with the statutory requirement in 18 U.S.C. § 3582(c)(2) that modifications to sentences be "consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission's policy statement effectively bars this Court from exercising jurisdiction to reduce Defendant's term of imprisonment. *See Telman*, 28 F.3d at 96; s*ee also Dorrough*, 84 F.3d at 1312.

In addition, Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by 18 U.S.C. § 3582(c)(2). Instead, Defendant's sentence rests squarely on the parties' agreement. *See Trujeque*, 100 F.3d at 871. Furthermore, Defendant has failed to show that the Fed.R.Crim.P. 11(c)(1)(C) plea agreement,

which was ratified by the Court and adhered to by the parties, is invalid. This Court, therefore, does not have jurisdiction to address the merits of Defendant's motion.[1]

### III.     Conclusion.

This Court lacks jurisdiction to reduce Defendant's sentence.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that although some of the discussion of applicable legal standards focused on former Fed.R.Crim.P. 11(e)(1)(c), there is nothing in the language of Fed.R.Crim.P. 11(c)(1)(C) to suggest a contrary result.