IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>            **Plaintiff,**                         )<br>                                                              )<br>**vs.**                                                   )<br>                                                              )<br>                                                              )<br>**MARY LOU JACQUEZ CAMPOS,**  )<br>                                                              )<br>                                                              )<br>            **Defendant.**                      ) | **NO. CR 05-0222 RB** |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion for Reduction of Sentence Under Title 18 United States Code §3582(c), (Doc. 233), filed on March 8, 2010. On March 15, 2010, Plaintiff filed a response in opposition to this motion. (Doc. 235.) Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court finds that this motion must be **DENIED**.

**I.      Background.**

On November 14, 2005, Defendant pleaded guilty to an Indictment charging her with possession with intent to distribute crack cocaine. Defendant's offense level was 31, and her criminal history category was VI, resulting in a guideline imprisonment range of 188-235 months. However, pursuant to Fed. R. Crim.P. 11(c)(1)(C), the plea agreement stipulated that Defendant would be sentenced to a 120 month term of imprisonment. The Court accepted the plea agreement and sentenced Defendant to the stipulated term of incarceration of 120 months.

On February 12, 2008, Defendant filed a motion under 18 U.S.C. §3582(c)(2) and Amendment 706 of the Sentencing Guidelines, which reduced the disparity between the penalties

for crack cocaine and those for powder cocaine. That motion was denied on October 17, 2008, as Defendant was ineligible for such a reduction because her sentence was based on a valid plea agreement, pursuant to Fed. R. Crim. P. 11 (c)(1)(C), and not on drug quantity.

**II.     Discussion.**

Defendant now requests a reduction in her sentence pursuant to the "Fairness in Sentencing Act of 2009." Defendant also points out that the Obama Administration has called for a complete elimination of the crack cocaine disparity and several federal judges have expressed support for this concept.

As I observed in my Memorandum Opinion and Order of October 17, 2008, this Court is generally prohibited from reducing a sentence of imprisonment after expiration of the time limits set forth in Fed. R. Crim. P. 35, and may modify a previously imposed sentence only pursuant to statutory authorization. (Doc. 231.) However, I further observed that 18 U.S.C. § 3582(c)(2) provides statutory authorization for this Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "Fairness in Sentencing Act of 2009" has yet to become law. "On July 29, 2009, the House Judiciary Committee approved H.R. 3245, entitled 'The Fairness in Cocaine Sentencing Act of 2009.' The bill, if enacted, will remove references to 'cocaine base' from the U.S. Code, effectively leaving a 1-to-1 ratio." *United States v. Medina*, 2009 WL 2948325 (S.D. Cal. 2009) (citing H.R. 3245, 111th Cong. (2009).); *see also United States v. Brooks*, 2009 WL 4927883 (W.D. Pa. 2009) ("Congress has not passed a law regarding the sentencing differences between crack and powder cocaine.")

The "Fairness in Sentencing Act of 2009" has not been enacted into law. The Court cannot

predict when, or if, this legislation will pass.  Moreover, if the "Fairness in Sentencing Act of 2009," or similar legislation, does become law, it is unclear whether it would apply retroactively. *United States v. Brown*, 2009 WL 3837630 (D. Me. 2009) ("[P]ending legislation does not provide the Court the authority to modify the Defendant's previously imposed sentence.").  Accordingly, the Court is without authority to modify Defendant's sentence.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Reduction of Sentence Under Title 18 United States Code §3582(c), (Doc. 233), filed on March 8, 2010, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**