IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                    **NO. CR 05-0222 RB**

**MARY LOU JACQUEZ CAMPOS,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion to Amend 3582(c), (Doc. 238), filed on February 4, 2011. On May 5, 2011, Plaintiff filed a response in opposition to this motion. (Doc. 240.) Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court finds that this motion must be **DENIED**.

**I.    Background.**

On November 14, 2005, Defendant pleaded guilty to an Indictment charging her with possession with intent to distribute crack cocaine. Defendant's offense level was 31, and her criminal history category was VI, resulting in a guideline imprisonment range of 188-235 months. However, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the plea agreement stipulated that Defendant would be sentenced to a 120 month term of imprisonment. The Court accepted the plea agreement and sentenced Defendant to the stipulated term of incarceration of 120 months.

On February 12, 2008, Defendant filed a motion under 18 U.S.C. §3582(c)(2), and Amendment 706 of the Sentencing Guidelines, which reduced the disparity between the penalties for crack cocaine and those for powder cocaine. That motion was denied on October

17, 2008, as Defendant was ineligible for such a reduction because her sentence was based on a valid plea agreement, pursuant to Rule 11 (c)(1)(C), and not on drug quantity.

On March 8, 2010, Defendant filed a motion under 18 U.S.C. §3582(c)(2), and requested a reduction in her sentence pursuant to the Fair Sentencing Act.  On April 21, 2010, the motion was denied on the basis that Defendant was ineligible for such a reduction because her sentence was based on a valid plea agreement, pursuant to Rule 11 (c)(1)(C).

## II.  Discussion.

Defendant requests a reduction in her sentence as a result of an intervening change in the United States Sentencing Guidelines.  As I observed in my Memorandum Opinion and Orders of October 17, 2008, and April 21, 2010,  this Court is generally prohibited from reducing a sentence of imprisonment after expiration of the time limits set forth in Fed. R. Crim. P. 35, and may modify a previously imposed sentence only pursuant to statutory authorization.  (Docs. 231 and 236.)  However, I further observed that 18 U.S.C. §3582(c)(2) provides statutory authorization for this Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. §3582(c)(2).

Additionally, I determined that, while 18 U.S.C. §3582(c)(2) may permit a reduction in some cases, the statute is inapplicable in the instant case.  In *United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996), the Tenth Circuit held that the defendant could not seek a reduction of his sentence, pursuant to 18 U.S.C. §3582(c)(2), because he had entered into a plea agreement that stipulated a specific sentence or sentencing range, as allowed under Fed. R. Crim. P. 11(e)(1)(C), now Fed. R. Crim. P. 11(c)(1)(C).

Similar to the defendant in *Trujeque*, Defendant was sentenced pursuant to a plea

agreement that stipulated a specific sentencing range.  For this reason, Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by 18 U.S.C. §3582(c)(2), even though the sentencing guideline may have influenced the stipulated sentence set forth in the Rule 11(c)(1)(C) plea agreement. Instead, Defendant's sentence rests completely on the parties' agreement.  *See Trujeque*, 100 F.3d at 871.  This Court, therefore, lacks jurisdiction to address the merits of Defendant's request to amend her sentence.

### III. Conclusion.

While the Court realizes that Defendant would prefer a shorter sentence, no legal basis exists that would allow the Court to modify her sentence.  Defendant's motion is, therefore, denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Amend 3582(c), (Doc. 238), filed on February 4, 2011, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**